Case 2:10-cv-06078-JLS-PJW   Document 3   Filed 08/19/10   Page 1 of 3   Page ID #:13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK GALLAWAY, | CASE NO. CV 10-6078-JST (PJW) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| v. | |
| R. HILL, WARDEN OF FSP, | |
| Respondent. | |

On August 16, 2010, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge his 1995 state court conviction for possession of a controlled substance and his 27-years-to-life sentence under the Three Strikes law. (Petition at 2.) In the Petition, he claims that his sentence is unlawful because it is excessive and abusive. (Petition at 3.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred and unexhausted.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). A district court may examine the timeliness of a petition *sua sponte*. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Here, it would appear Petitioner's conviction

became final in 1998, 40 days after the California Court of Appeal affirmed his conviction. *See Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002). Therefore, the statute of limitations expired one year later, in 1999. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner, however, did not file this Petition until August 2010, more than 10 years after the deadline.

Moreover, as a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

In his Petition, Petitioner has checked the box indicating that he did not file a petition for review in the California Supreme Court. (Petition at 5.) Further, a check of the California Appellate Courts' website does not show any filings from Petitioner in the California

1  Supreme Court.  Thus, it appears that the Petition is completely
2  unexhausted and is subject to dismissal on that basis, as well.  *See*
3  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).
4       IT IS THEREFORE ORDERED that, no later than **September 20, 2010**,
5  Petitioner shall inform the Court in writing why this case should not
6  be dismissed with prejudice because it is barred by the statute of
7  limitations or without prejudice because it raises only unexhausted
8  claims.  Failure to timely file a response will result in a
9  recommendation that this case be dismissed.
10      DATED:    August   19   , 2010.

                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-State Habeas\GALLAWAY, D 6078\OSC dismiss pet.wpd